IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAKESHIA L. MCNEAL, ON BEHALF OF J.L.M., A Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.   CIV-11-1104-HE<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Lakeshia L. McNeal seeks judicial review of the final decision by the Defendant Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income benefits (SSI) under the Social Security Act on behalf of her minor son, J.L.M. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (TR. ___).  The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

On October 29, 2004, Plaintiff filed an application for SSI benefits on behalf of her minor son (TR. 17). The claim was denied at the initial level (TR. 17, 98).

Administrative Law Judge (ALJ) Gary E. Lowe held an administrative hearing in Kansas City, Missouri on October 19, 2006. In an unfavorable decision dated November 1, 2006, ALJ Lowe found that J.L.M. did not have an impairment or combination of impairments that met, medically equaled or functionally equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings) and was, therefore, not disabled for purposes of the Social Security Act (TR. 17). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner (TR. 142-144). Plaintiff appealed the Commissioner's decision to the United States District Court for the Western District of Missouri which granted the Commissioner's request that the case be remanded (TR. 69-70). The remand was necessary because the Agency could not locate J.L.M.'s file or the transcript of the first hearing (TR. 69-70).

On remand, ALJ Christine A. Cooke held an administrative hearing on November 4, 2009 (TR. 52-68). The ALJ heard testimony from a medical expert, Dr. Robert Clayton (ME), who testified telephonically (TR. 56-66). The resulting transcript contains numerous indications that the testimony of the ME was inaudible. The ME noted references in the medical records indicating that J.L.M. had a drooping eye, and expressed his uncertainty as to whether J.L.M. might have Horner's syndrome, a condition indicated by one drooping eye. If so, resulting perceptual problems could, according to Dr. Clayton, account for J.L.M.'s demonstrated difficulty in reading (TR. 60-62). The ME also expressed uncertainty regarding whether J.L.M.'s disability functionally equaled a Listing (TR. 62). He noted that J.L.M. had excessive absences, but he also

noted that it would be very difficult for J.L.M. to function in a regular kindergarten class because for writing and other activities, one needs both hands to "stabilize things" (TR. 62). He added that "if the child does have Horner's syndrome, then part of the reading problem could also be related to the disability" (TR. 62). The ALJ ordered a consultative neurological examination which was completed on November 27, 2009 (TR. 501-504). The examiner determined that J.L.M. could function intellectually at an age appropriate level and that his development was normal except for tasks requiring two hands (TR. 502). The ALJ filed an unfavorable decision on February 22, 2010, finding that J.L.M. had not been disabled at any time since the application for benefits was filed (TR. 17-29). On August 20, 2011, the Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner (TR. 9-10). This appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision in a child's benefits case is limited to determining whether that decision is supported by substantial evidence and whether it is free of legal error. *See Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut

or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The Commissioner applies a three-step inquiry to determine whether a child is disabled: (1) whether the child is working at substantial gainful activity; (2) whether the child has a medically determinable impairment that is severe, and (3) whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of any impairment in the Listings. *See* 20 C.F.R. 416.924.

At step one, the ALJ found that J.L.K. had not engaged in substantial gainful activity since October 29, 2004, the date Plaintiff filed the application for SSI (TR. 21). At step two the ALJ found that J.L.M.'s right brachial plexus injury is a severe impairment (TR. 21). At step three, the ALJ found that J.L.M.'s impairment does not meet, medically equal, or functionally equal a listed impairment (TR. 22-29).

## ISSUES PRESENTED

Plaintiff challenges the ALJ's step-two determination, suggesting that the ALJ did not include alleged severe impairments related to mental functioning. She further

contends that the ALJ erred in determining that J.L.M.'s severe physical impairments do not functionally equal a listed impairment.

## ANALYSIS

### I. The ALJ's Step Two Findings

At step two of the sequential evaluation process, the ALJ found that J.L.M.'s sole severe impairment was right brachial plexus injury (TR. 21). School records included in the transcript indicate that J.L.M. has had some behavioral problems in school, excessive absences, and difficulty listening to instructions and following directions (TR. 269-323). But teachers, state agency examiners, treating sources, and consultative examiners alike have all concluded that J.L.M. has the ability to acquire and use information and the ability to attend and complete tasks (TR. 364, 411, 499; 502). Likewise, there is no psychological testing in the record which supports Plaintiff's contention. Accordingly, Plaintiff has not met her burden of proving that J.L.M. has a severe mental impairment. Therefore, the decision of the ALJ is not subject to reversal on this point.

### II. The ALJ's Step Three Decision

At the third step of the sequential evaluation, the ALJ must determine whether a child's impairments meet, medically equal, or functionally equal a listed impairment. *See* 20 C.F.R. § 416.924(a). Plaintiff does not challenge the ALJ's determination that J.L.M.'s impairments do not meet or medically equal a listed impairment. The Plaintiff's claim is limited to her contention that J.L.M.'s impairments are the functional equivalent of a listed impairment. In making this determination, the task of the ALJ is to consider

how a child functions in six domains: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [himself]; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi).  "Functional equivalency" means that the impairment is of "listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain. . . ."  20 C.F.R. § 416.926a(a). A "marked limitation" is one that interferes seriously with the child's "ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i). An "extreme limitation" is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).

Plaintiff contends that the ALJ erred at step three of the sequential evaluation in failing to properly consider the evidence as to whether J.L.M.'s physical limitations functionally equal a listed impairment. This point is well-taken. The ALJ misquoted, misidentified and misconstrued the opinion evidence offered by J.L.M's treating physical therapist:

> On September 12, 2008, a physical therapy [sic], a State agency consultant, opined that the claimant does not have an impairment or combination of impairments that functionally equals a Listing

(TR. 23).

The ALJ's statement is patently incorrect. First, the Individual Functional Assessment to which the ALJ referred was completed by Andrea Mulanson, J.L.M.'s treating physical therapist, not a State agency consultant (TR. 499). Second, Ms. Mulanson assessed J.L.M. as having extreme limitations in the domain of moving about

6

and manipulating objects. She stated that J.L.M.'s limited range of motion and manipulation skills with his right hand, wrist and arm accounted for the extreme limitation. Additionally, Ms. Mulanson assessed J.L.M. with marked limitations in the domain of caring for himself, noting that J.L.M. cannot use his right arm to pull up pants or work with buttons, snaps, and zippers. Finally, Ms. Mulanson assessed J.L.M. with marked limitations in the domain of health and well-being, again related to the physical limitations of his right upper extremity (TR. 500).

The Commissioner contends that the ALJ's error was harmless because "[s]everal valid reasons exist for not assigning any weight to Ms. Mulanson's assessment" (Defendant's Brief at 7). But the issue in this case is not simply whether Ms. Mulanson's opinion should be given controlling weight, some weight, or no weight at all. Rather, the issue is whether the ALJ's opinion is supported by substantial evidence in light of the fact that the ALJ failed to actually consider Ms. Mulanson's opinions, as evidenced by the ALJ's mischaracterization of Ms. Mulanson's assessment and her belief that Ms. Mulanson was a State consultative examiner. Moreover, this Court may not "create or adopt *post-hoc* rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007). *See also Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004) (holding that district court's "*post hoc* effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process"); *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (same). Based on the ALJ's failure to properly evaluate the opinion of

J.L,M.'s treating physical therapist, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **December 17, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on November 29, 2012.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE